```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
COUTINHO & FERROSTAAL, INC.,               :
                                           :
                Plaintiff,                 :
                                           :    09 Civ. 9672
                                           :    (BSJ)(THK)
           v.                              :
                                           :    OPINION AND ORDER
M/V SPAR TAURUS, her engines,              :
boilers, tackle, etc., HYUNDAI             :
MERCHANT MARINE CO., LTD.,                 :
FLEET MANAGEMENT LTD., SPAR                :
SHIPHOLDING AS,                            :
                                           :
                Defendants.                :
------------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On November 20, 2009, Coutinho & Ferrostaal, Inc. ("Plaintiff") filed a complaint against Hyundai Merchant Marine Co., Ltd. ("HMM"), M/V Spar Taurus, Spar Shipholding Association ("Spar"), and Fleet Management Ltd. ("Fleet") (collectively, "Defendants"), for lost and damaged cargo. On March 26, 2010, HMM moved to dismiss the complaint on the basis of foreign forum selection clauses in the bills of lading that Plaintiff sued under. On March 31, 2010, Spar and Fleet moved to dismiss the complaint largely on the same grounds as HMM. For the following reasons, Defendants' motions are GRANTED.

## BACKGROUND

Plaintiff is the owner or representative of the owners, underwriters, or subrogated underwriters of cargo that was

allegedly damaged on board the M/V Spar Taurus vessel. (Compl. ¶ 2.) Defendants Spar and Fleet were the vessel owner and manager, respectively.[1] Defendant HMM was the time charterer and the party who issued the two bills of lading that Plaintiff is suing under. Both bills of lading contain a foreign forum selection clause that provides:

> The claims arising from or in connection with or relating to this Bill of Lading shall be exclusively governed by the law of Korea except otherwise provided in this Bill of Lading. Any and all action concerning custody or carriage under this Bill of Lading whether based on breach of contract, tort or otherwise shall be brought before the Seoul Civil District Court in Korea.

(Kim Decl. Ex. 2 ¶ 25.)

In its memorandum in support of its motion to dismiss, HMM argues that the foreign forum selection clauses are presumptively enforceable and should be given full effect. Spar and Fleet also argue that the foreign forum selection clauses are presumptively enforceable. Fleet argues separately that it is entitled to the benefit of the foreign forum selection clauses by virtue of the bills of lading's "Himalaya Clauses." The Himalaya Clauses define "Subcontractors" to include "any person, corporation, or other legal entity that performs any of the Ocean Carrier's obligations under this Bill of Lading, and includes the Subcontractor's own Subcontractor." (Kim Decl. Ex. 2 ¶ 4(A).) The clauses further provide that in regard to

---

[1] Spar filed a Claim of Owner for the vessel and is representing its interests in this case.

2

"handling, storage or carriage of the Goods, every such Subcontractor shall have the benefit of all provisions in this Bill of Lading as if such provisions were expressly for the Subcontractor's benefit." (Id. ¶ 4(D).)

In its opposition, Plaintiff argues that the Defendants cannot rely on the foreign forum selection clauses in the bills of lading because Plaintiff's fixture note with Dalian CTUI International Logistics Co. ("CTUI"), a non-party to this case, provides that "claims for cargo loss or damage . . . shall be litigated in the United States District Court for the Southern District of New York." (Calkins Decl. Ex. 1 ¶ 21.) CTUI, according to Plaintiff, was an "intermediary," who arranged for Plaintiff's cargo to be carried from China to Texas. Plaintiff also argues that Fleet, the vessel manager, was neither a "carrier" nor "subcontractor" under the Himalaya Clauses. Thus, Plaintiff argues, Fleet is liable for its own negligence.

## DISCUSSION[2]

### A. Defendants Are Not Parties To The Fixture Note.

In spite of the significance Plaintiff attributes to it, the Fixture Note binds only two parties: Plaintiff and CTUI.

---

[2] The Court reviews Defendants' motions to dismiss under Rule 12(b)(3) of the Federal Rules of Civil Procedure. See, e.g., Kelso Enters. Ltd. v. M/V Diadema, No. 08 Civ. 8226(SAS), 2009 WL 1788110, at *2 n.24 (S.D.N.Y. June 23, 2009) (explaining that while "[c]ourts in this circuit have considered dismissals pursuant to forum selection clauses under Rules 12(b)(1), 12(b)(3), and 12(b)(6)[,]" "Second Circuit courts 'appear to prefer Rule 12(b)(3)'" (citations omitted)).

3

Plaintiff has not argued and the fixture note itself contains nothing to suggest that Defendants were parties to the fixture note. Because Defendants are strangers to the fixture note, its terms, including the Southern District of New York forum selection clause, have no bearing on Defendants. See, e.g., Asoma Corp. v. SK Shipping Co., Ltd., 467 F.3d 817, 827 (2d Cir. 2006) (finding that vessel owner and vessel manager, who were not parties to the contract of charter, were not bound by its forum selection clause).

**B.   Plaintiff Is Bound By The HMM Bills Of Lading.**

Foreign forum selection clauses are presumptively valid. See, e.g., Silgan Plastics Corp. v. M/V Nedlloyd Holland, No. 96 Civ. 6188(JSM), 1998 WL 193079, at *2 (S.D.N.Y. Apr. 22, 1998). As a result, "the party seeking to avoid its enforcement has the burden of establishing the lessening of carrier's liability to a cargo owner under foreign law." Id. (citing Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528, 538 (1995)). Here, Plaintiff has made no showing to this effect.

Instead, Plaintiff is listed as a consignee on the front of both bills of lading issued by HMM. (Kim Decl. Ex. 2.) In addition to being a named party on both bills of lading, Plaintiff endorsed the back of both bills of lading. (Id.) There has also been no suggestion that the bills of lading were the product of fraud, overreaching, mistake, or coercion. See,

4

e.g., 3 P.P.D. Int'l Corp. v. M/V Cast Muskox, No. 95 Civ. 4184(RPP), 1995 WL 728463, at *1 (S.D.N.Y. Dec. 7, 1995) (citations omitted). Further, by suing under the bills of lading, Plaintiff has accepted their terms, including the foreign forum selection clauses. See, e.g., Farrell Lines Inc. v. Columbus Cello-Poly Corp., 32 F. Supp. 2d 118, 125 (S.D.N.Y. 1997) ("defendants have filed suit on the Bill of Lading, and thereby accepted its terms" (citation omitted)). Under these circumstances, there is no reason the foreign forum selection clauses should not be enforced.

Plaintiff attempts to disregard the bills of lading based on its characterization of CTUI as its "intermediary." Plaintiff cites Norfolk Southern Railway Co. v. Kirby, 543 U.S. 14 (2004), for the proposition that an intermediary may only bind a cargo owner with respect to liability limitations. Because Kirby did not provide that an intermediary may bind a cargo owner with respect to a forum selection clause, Plaintiff argues that the fixture note provides the forum for its claims. Plaintiff's reliance on Kirby is misplaced, however, as CTUI had no involvement with the issuance of the HMM bills of lading, which list Plaintiff as a named party and which Plaintiff endorsed. (Kim Decl. Ex. 2.)

Plaintiff also cites Bax Global, Inc. v. Ocean World Lines, Inc., No. 07 Civ. 10457(NRB), 2009 WL 3001816 (S.D.N.Y. Sept.

5

18, 2009), and Royal & Sun Alliance Insurance PLC v. Ocean World Lines, Inc., 572 F. Supp. 2d 379 (S.D.N.Y. 2008), for the proposition that a non-vessel owning common carrier (i.e., an intermediary), who issues its own bill of lading to the shipper, may not bind the shipper to the foreign forum selection clause in the non-vessel owning common carrier's separate bill of lading with an ocean carrier. These cases, however, like Kirby, are inapplicable because no intermediary impermissibly bound Plaintiff to the bills of lading issued by HMM. As explained earlier, Plaintiff is a named party on both bills of lading and endorsed both bills of lading itself. (Kim Decl. Ex. 2.)

C.   **The Bills Of Lading Cover Spar.**

In Asoma Corp., the Second Circuit specifically recognized that a bill of lading protects a vessel owner. 467 F.3d at 827-28 n.8 (noting that the bills of lading at issue in that case "include a 'Himalaya Clause,' which protects agents . . . to the same extent that the owner is protected" (citations omitted)). Here, both bills of lading issued by HMM define the "[v]essel" as the "vessel on the face of this Bill of Lading." (Kim Decl. Ex. 2. ¶ 1(E).) The cover page of both bills of lading list "Spar Taurus" as the "Ocean Vessel." (Id. at Ex. 2.) Both bills of lading also define "[c]arrier" as "the ship" and "her owner." (Id. ¶ 1(A).) It is undisputed that M/V Spar Taurus was the ship and that her owner was Spar. For these reasons,

6

the Court finds that Spar is protected by the foreign forum selection clauses in the bills of lading.

**D.   The Himalaya Clauses Cover Fleet.**

The Himalaya Clauses in the bills of lading issued by HMM broadly define "Subcontractors" to include any person, corporation, or other legal entity that performs any of the Ocean Carrier's obligations under this Bill of Lading, and includes the Subcontractor's own Subcontractor."  (Kim Decl. Ex. 2 ¶ 4(A) (emphasis added).)  In Kirby, the Supreme Court explained that "'any' has an expansive meaning.'"  543 U.S. at 32 (internal citation and quotation marks omitted).  Thus, although a "vessel manager," such as Fleet,[3] is not specifically identified in the Himalaya Clauses, its terms are broad enough to cover Fleet.

Plaintiff argues that Fortis Corporate Insurance, SA v. Viken Ship Management AS, 597 F.3d 784 (6th Cir. 2010), established that a "vessel manager" is not a "carrier" within the meaning of the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 ("COGSA"), and thus that Fleet remains liable for its own negligence.  Although the Sixth Circuit found that a ship manager is not a "carrier" within the meaning of COGSA, the court went on to add that shipping parties are free to extend

---

[3] Plaintiff's suggestion that Fleet's motion to dismiss is premature because Fleet's managerial duties and responsibilities have not been established is irrelevant to the issue of whether Fleet, who Plaintiff concedes was the "manager[]" (Compl.¶ 3), is covered by the Himalaya Clauses.

7

COGSA's coverage to "any and all agents or independent contractors who participate in the shipment of goods under a particular contract" through "'Himalaya clauses.'" Id. at 792 (citations omitted). By extending coverage to "any person, corporation, or other legal entity that performs any of the Ocean Carrier's obligations," that is precisely what the bills of lading did here.

### CONCLUSION

For the reasons provided above, Defendants' motions to dismiss are GRANTED. Because Plaintiff's complaint is dismissed, Spar's and Fleet's crossclaim for indemnification or contribution from HMM is also dismissed as moot. The Clerk of the Court is directed to close this case.

SO ORDERED:

*Barbara S. Jones*

BARBARA S. JONES
**UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
          August 14, 2010

8